UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELESSA BYRGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:18-CR-147-TAV-HBG-17 |
| ) | 3:20-CV-307-TAV-HBG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Now before the Court are Petitioner's pro se Motion to Appoint Counsel [Doc. 2 in 3:20-cv-307][1] and Motion for Leave to Proceed In Forma Pauperis [Doc. 3].

### I.  PETITIONER'S MOTION TO APPOINT COUNSEL

Petitioner seeks the assistance of counsel to assist her in the filing of her motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Petitioner filed her § 2255 motion on July 13, 2020. [Doc. 1]. Petitioner seeks the appointment of counsel, stating that she is unable to afford counsel at this time and "has no access to the law library as she is in lockdown due to the COVID-19 pandemic." [*Id.*].

Here, Petitioner does not enjoy a constitutional right to counsel at this juncture. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that no constitutional right to counsel exists for a prisoner mounting a collateral attack upon his conviction); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (confirming "the rule that the Sixth Amendment does not apply to

---

[1]Unless otherwise indicated, citations to the record refer to the docket entries in 3:20-CV-307.

collateral attacks"). However, the Court has discretion to appoint counsel for a financially eligible individual seeking relief under 28 U.S.C. § 2255, if the Court "determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

In deciding whether to appoint counsel in a civil case,[2] the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (omitting internal quotations). Generally, the Court does not appoint counsel in a collateral attack upon a conviction or sentence, unless it has determined that a hearing on the § 2255 motion is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-CR-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (Edgar, J.) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion").

The Court, however, has not scheduled an evidentiary hearing in this case. *See* Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts. With respect to Petitioner's concerns about the lack of access to a law library due to the COVID-19 pandemic, the Court finds that Petitioner has not demonstrated exceptional circumstances requiring the appointment of counsel at this time. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (per curiam) (observing that the court assumes an individual "in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence"). The Court finds that Petitioner has effectively set forth the factual and legal allegations

---

[2] A collateral attack on a conviction or sentence pursuant to 28 U.S.C. § 2255 is civil in nature.

that form the basis of her § 2255 motion. However, the present motion will be denied without prejudice, subject to refiling if Defendant is unable to access a law library for a continued period of time. Accordingly, Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED without prejudice**.

## II.   PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed a motion for leave to proceed in forma pauperis. [Doc. 3]. However, Petitioner's motion for leave to proceed in forma pauperis [Doc. 3] is **DENIED as moot** because no filing fee is required to bring a § 2255 motion. *See* Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts, 1976 advisory committee note ("There is no filing fee required of a Movant under these rules."); *see, e.g.*, *Gillespie v. United States*, No. 1:12-CR-24, 2014 WL 2808920, at *1 (E.D. Tenn. June 20, 2014) ("Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding.") (citing E.D. Tenn. L.R. 9.3(b)).

## III.   CONCLUSION

For the reasons stated above, Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED without prejudice**, and Petitioner's Motion to Proceed In Forma Pauperis [Doc. 3] is **DENIED as moot**. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Petitioner at her listed address.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge