UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELESSA BYRGE, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:20-CV-307-TAV-HBG 3:18-CR-147-TAV-HBG-17 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Melessa Byrge has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 916; Case No. 3:20-cv-307, Doc. 1].[1] In her motion, she presents several claims regarding the knowing and voluntary nature of her guilty plea and the effectiveness of her trial counsel. The government has responded in opposition to petitioner's § 2255 motion [Case No. 3:20-cv-307, Doc. 9]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 916; Case No. 3:20-cv-307, Doc. 1] will be **DENIED**.

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

**I. Background**

On December 13, 2018, petitioner entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 156, 264]. In the plea agreement, petitioner agreed that she had read the indictment, discussed the charges and possible defenses with her counsel and understood the crimes charged [Doc. 156 ¶ 2]. As part of the factual predicate for the plea agreement, petitioner agreed that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [*Id.* ¶ 3(g)]. Defendant also acknowledged that, by pleading guilty, she was giving up several rights, including the right to have the burden of proof placed on the government to prove her guilty beyond a reasonable doubt [*Id.* ¶ 4(d)].

In consideration for the concessions the government made in the plea agreement, petitioner agreed to waive her rights to file a motion for a downward departure or variance or to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [*Id.* ¶ 9(a)]. Further, petitioner agreed to waive her right to file any motion pursuant to § 2255 or otherwise collaterally attack her conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [*Id.* ¶ 9(b)].

The presentence investigation report ("PSR") calculated petitioner's total offense level as 33, based on a drug quantity of at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine, and a 3-level reduction for acceptance of responsibility [Doc. 344 ¶¶ 44, 51–53]. With a criminal history category of IV, the PSR calculated petitioner's advisory guideline range as 188 to 235 months' imprisonment [*Id.* ¶¶ 71, 101]. Petitioner did not object to the PSR [Doc. 755], and the Court adopted the PSR without change [Doc. 800, p. 1]. The Court ultimately imposed a within-guidelines sentence of 121 months' imprisonment [Doc. 799, p. 2].

In her § 2255 motion, petitioner argues that her plea of guilty was not knowing and voluntary because (1) counsel did not advise her that the government could not prove drug quantity or a conspiracy; (2) counsel misadvised her of the drug quantity calculation; (3) counsel did not inform her of defenses or that the plea offer was without the benefit of discovery; (4) counsel did not explain the direct or collateral consequences of her plea; (5) counsel did not review her PSR before sentencing; and (6) petitioner did not understand the consequences of her plea [Doc. 916, pp. 4, 7; Case No. 3:20-cv-307, Doc. 1, pp. 4, 7]. She also contends that her counsel was ineffective in: (1) failing to investigate or research her case; (2) failing to have the indictment dismissed due to the lack of evidence of her involvement in the conspiracy; (3) failing to research or question the drug quantity; and (4) failing to challenge the confidential informant's statements regarding drug quantity [*Id.* at 5, 8].

3

The government responds that petitioner's challenges to the knowing and voluntariness of her plea and the drug quantity calculation[3] are barred by the collateral attack waiver in her plea agreement [Case No. 3:20-cv-307, Doc. 9, p. 4]. The government also contends that these claims are procedurally defaulted because petitioner failed to raise them on direct appeal [*Id.* at 4–5]. Furthermore, the government argues that these claims are meritless based on petitioner's answers at the plea colloquy and the drug amount contained in the plea agreement [*Id.* at 6]. Finally, the government contends that petitioner has not established that her counsel was ineffective because she offers no evidence to support any of her claims and her claims contradict her prior sworn statements at the plea colloquy [*Id.* at 7].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which

---

[3] The government appears to interpret petitioner's § 2255 motion as containing a stand-alone challenge to the Court's drug quantity calculation. However, in reviewing petitioner's § 2255 motion, the Court finds that petitioner's reference to her drug quantity calculation is raised in the context of her claims that her plea was not knowing or voluntary and that her counsel was ineffective. Nevertheless, for the reasons explained *infra*, the Court finds that any such claim is procedurally defaulted.

had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III. Analysis

### A. Procedural Issues

#### 1. Collateral Attack Waiver

The government first argues that petitioner's challenge to the knowing and voluntary nature of her guilty plea and any stand-alone claim challenging the drug quantity calculation at sentencing are barred by the collateral attack waiver in her plea agreement [Case No. 3:20-cv-307, Doc. 9, p. 4]. The government notes that, as part of her plea agreement, petitioner waived the right to file a collateral attack unless based on prosecutorial misconduct of ineffective assistance of counsel [*Id.*]. Because these claims are based on neither of those grounds, the government contends that they are barred [*Id.*].

The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence" is enforceable. *Watson*, 165 F.3d at 489. However, the Sixth Circuit has also held that "where a defendant argues that h[er] plea was not knowing or voluntary or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived h[er] right

5

to an appeal or a collateral attack when the substance of h[er] claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (internal citation omitted).

Because petitioner's claims largely relate to arguments that her guilty plea was not knowing and voluntary, and she specifically alleges that she was not aware of the consequences of her plea [Doc. 1, p. 7], the Court concludes that petitioner's claim challenging the validity of her plea is not waived by the collateral attack waiver.

### 2. Procedural Default

The government next argues that petitioner's claims regarding the knowing and voluntary nature of her guilty plea, and any stand-alone claim challenging the drug quantity calculation at sentencing are procedurally defaulted because petitioner failed to raise these claims on direct appeal [Doc. 9, pp. 4–5].

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). A claim that a plea is not intelligent because the information provided by the Court at the plea colloquy was erroneous can be "fully and completely addressed on direct review[,] and thus, is procedurally defaulted if not first raised on direct review. *Id*. at 622. If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, she may only raise it in a collateral attack if she can demonstrate cause and actual prejudice or that she is "actually innocent." *Id*. The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id.* at 623.

Petitioner's claim that her plea was not knowing and voluntary is procedurally defaulted because she did not file a direct appeal raising this claim. Although Petitioner agreed to an appeal waiver as part of her plea agreement, a claim challenging the validity of her plea would have been excepted from this waiver, for the same reasons that the instant claim is excepted from the collateral attack waiver. *See Acosta*, 480 F.3d at 422 ("where a defendant argues that h[er] plea was not knowing or voluntary . . . it would be entirely circular for the government to argue that the defendant has waived h[er] right to an appeal or a collateral attack when the substance of [the] claim challenges the very validity of the waiver itself" (internal citation omitted)). Petitioner's claims that she was misinformed or not informed at all about the content and consequences of her guilty plea could have been fully and completely addressed on direct appeal, and, because Petitioner failed to raise these claims on direct appeal, it is procedurally defaulted. Moreover, Petitioner has not asserted any cause and prejudice for her failure to raise these claims on direct review. To the extent that Petitioner's overall arguments could be construed as a claim of "actual innocence," Petitioner does not argue that she is factually innocent of conspiring to distribute 50 grams or more of methamphetamine, but instead, merely contests whether the evidence was sufficient to establish the relevant drug quantity or a conspiracy. Such is a claim of "legal insufficiency" rather than "factual innocence" and is, therefore, insufficient to overcome a procedural default. Accordingly, this claim is procedurally defaulted and will be **DENIED** for that reason.

7

### B. Merits

#### 1. Knowing and Voluntary Plea

In the alternative, Petitioner's claims regarding the validity of her plea also lack merit. To be knowing and voluntary, a guilty plea must be made with "knowledge of the relevant circumstances and likely consequences" of the plea. *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (internal quotation marks omitted). However, "[t]he defendant need only be aware of the direct consequences of the plea" and "the trial court is under no constitutional obligation to inform the defendant of *all* the possible collateral consequences of the plea." *Id*.

Petitioner essentially asserts that her plea was not knowing and voluntary because counsel either did not advise her, or misadvised her, about the government's evidence against her, the drug quantity calculation in the plea agreement, her available defenses, and the consequences of her plea [Case No. 3:20-cv-307, Doc. 1, pp. 4, 7].[4] However, each of these matters were directly addressed in petitioner's written plea agreement, which she signed [Doc. 156]. Specifically, in her plea agreement, petitioner admitted her guilt to the offense of conspiring to distribute 50 grams or more of methamphetamine and acknowledged that she was pleading guilty because she was in fact guilty [*Id.* ¶¶ 1–2]. She also stated that she had discussed the charges and possible defenses with defense counsel

---

[4] The Court notes that petitioner raises a claim relating to her counsel allegedly failing to review her PSR with her prior to sentencing under the section involving the validity of her plea. However, because the PSR is only disclosed after a defendant enters a guilty plea, or is convicted at trial, this alleged failure to review the PSR could not have impacted petitioner's guilty plea. Instead, the Court will address this claim *infra* as an ineffective assistance of counsel claim.

8

[*Id.* ¶ 2]. Petitioner admitted that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [*Id.* ¶ 3(g)]. Petitioner acknowledged that by pleading guilty she was giving up several rights including, of relevance, the right to be presumed innocent and have the burden of proof placed on the government to prove her guilty beyond a reasonable doubt [*Id.* ¶ 4]. Defendant then agreed to waive her rights to file a motion for downward departure or variance, direct appeal, or collaterally attack her sentence [*Id.* ¶¶ 9(a)-(b)]. Accordingly, the Court finds that the terms of the plea agreement specifically informed defendant that her guilty plea would eliminate the government's burden to prove her guilt, that she would be responsible for between 1.5 and 4.5 kilograms of actual methamphetamine, and the direct and collateral consequences of her plea.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, and the Court's standard practice, petitioner was specifically informed on each of these matters, such that her ultimate guilty plea cannot be deemed unknowing or involuntary. Specifically, the Court confirmed that petitioner had reviewed the charges in the indictment with her attorney, and her lawyer had advised her as to any defenses she may have had to the charges. The Court further informed petitioner that, pursuant to the plea agreement, she was admitting that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine, and petitioner confirmed that she understood that this calculation could affect her sentence. The Court then reviewed the downward departure/variance, appeal, and collateral attack waivers with petitioner, and confirmed that she understood the waivers. Even after hearing this information in open court, petitioner

9

elected to plead guilty. "Solemn declarations in open court carry a strong presumption of verity" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court finds that, given her statements at her plea hearing, petitioner's claims that she was unaware of the consequences of her plea, did not discuss defenses with her counsel, was not aware of the drug quantity that she was admitting, and was not aware that the government had insufficient evidence against her are wholly incredible. Thus, the Court finds that, in the, alternative, petitioner's claims that her plea was not knowing and involuntary are meritless, and will, therefore, be **DENIED**.

### 2. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, she must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at

10

689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

Ultimately, the Court finds that each of petitioner's claims of ineffective assistance of counsel, including those relating to her guilty plea, discussed *supra*, fail on at least one of the *Strickland* prongs.

First, as to her claims that counsel misadvised her, or failed to advise her, as to various matters relating to her guilty plea, the Court notes that "[o]ftentimes, federal courts . . . reject claims of ineffective assistance of counsel related to a defendant's guilty plea when the guilty plea is knowing and voluntary[.]" *Laughlin v. United States*, No. 2:17-cv-85, 2020 WL 906659, at *6 (E.D. Tenn. Feb. 25, 2020) (collecting cases). The Court previously determined that petitioner's guilty plea was knowing and voluntary, and

11

therefore, the Court finds that such is sufficient to deny these claims, to the extent that petitioner intended them as ineffective assistance claims. Nevertheless, such claims also fail because petitioner has not alleged any prejudice. Although she alleges that counsel failed to advise her or misadvised her as to several matters, she does not allege that, had she been properly advised, she would not have pleaded guilty, and instead, would have insisted on proceeding to trial [*See* Case No. 3:20-cv-307, Doc. 1]. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial"). Accordingly, the Court finds that petitioner has not established prejudice as to these claims, and the claims will therefore be **DENIED**.

Next, petitioner's claim that counsel was ineffective in failing to research and investigate the case is largely conclusory, as petitioner fails to explain what matters counsel should have researched or investigated, and how such research or investigation would have impacted the outcome of the case [Case No. 3:20-cv-307, Doc. 1, p. 5]. However, petitioner specifically states that counsel failed to research or question the drug amounts [*Id.*]. But, again, petitioner does not indicate how any investigation into the drug quantity would have changed the outcome of the drug quantity in her plea agreement, and therefore, petitioner has not established prejudice as to this claim and her claim will be **DENIED**.

Petitioner additionally raises several claims of ineffective assistance relating to her sentencing hearing, specifically, that counsel failed to review the PSR with her before

12

sentencing, failed to object to the drug quantity calculation, and failed to question a confidential informant's statements about the drug quantities [*Id.* at 7–8]. First, per the Court's usual practice, petitioner's claim that she did not review the PSR with counsel prior to sentencing is undercut by her acknowledgement at the sentencing hearing that she did, in fact, review the PSR with counsel prior to the hearing. And, again, "[s]olemn declarations in open court carry a strong presumption of verity[.]" *Blackledge*, 431 U.S. at 74. Moreover, petitioner has not alleged what prejudice she suffered as a result of counsel's failure to review the PSR with her prior to sentencing. As to counsel's failure to object to the drug quantity calculation in the PSR, counsel would have had no grounds to object to the drug quantity, given that petitioner admitted such drug quantity in her plea agreement. And "[t]he failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Further, as to petitioner's claim that counsel should have challenged a confidential informant's statements regarding drug quantity, there is no record that any confidential informant testified at petitioner's sentencing hearing, nor would there have been any reason for such testimony, given the lack of objection to the PSR. Accordingly, it is unclear how petitioner believes that counsel should have challenged the statements of a confidential informant, but, regardless, she has not established prejudice, because she agreed to the drug quantity used at sentencing in her plea agreement. For these reasons, petitioner's claims regarding her sentencing hearing will be **DENIED**.

13

Case 3:20-cv-00307-TAV-HBG   Document 12   Filed 11/05/21   Page 13 of 14   PageID #: 57

Finally, petitioner contends that counsel was ineffective in failing to have the indictment due to the lack of evidence of her involvement in the conspiracy [Case No. 3:20-cv-307, Doc. 1, p. 5]. However, "[a]n indictment that is valid on its face may not be dismissed on the ground [that] it is based on inadequate or insufficient evidence." *United States v. Hann*, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008). Thus, any motion to dismiss the indictment due to a lack of evidence would have been denied. And, as noted previously, "failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett*, 956 F.3d at 375. Accordingly, petitioner has not established that her counsel was ineffective in failing to seek dismissal of the indictment, and this claim will be **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [Doc. 916; Case No. 3:20-cv-307, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE